UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:19-cr-0366-RLY-TAB |
| | ) | |
| IQUAN HILL, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On April 20, and 27, 2022, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on March 9, 2022.  Defendant Hill appeared in person with his appointed counsel Dominic Martin.  The government appeared by Kelsey Massa, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Brian Bowers and Michael Burress.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Hill of his rights and provided him with a copy of the petition.  Defendant Hill orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Hill admitted violation numbers 1, 2, 3, and 4.  [Docket No. 55.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall reside in a residential reentry center for a term of up to 180 days. You shall abide by the rules and regulations of the facility."**<br><br>On January 10, 2022, Mr. Hill was found with spice in the residential reentry center (RRC) bathroom.<br><br>On February 17, 2022, a search of Mr. Hill's phone messages revealed he was attempting to arrange hand-to-hand drug transactions but not actually going through with them, resulting in the drug dealers becoming angry at him. Around this same time, other RRC residents reported to staff that Mr. Hill was seeking drugs from other RRC residents.<br><br>On March 5, 2022, Mr. Hill was granted a pass from the RRC to visit his home. He returned to the facility heavily intoxicated, argumentative, and would not comply with alcohol breath testing. He was instructed to submit to a urine drug test, but he refused. Mr. Hill eventually complied with a breathalyzer test that confirmed a .104 BAC. Again, he was instructed to submit to a urine drug test but he refused to sign the chain of custody form to certify the sample. Mr. Hill then falsely accused a correctional officer (CO) of striking him in the head with his elbow and stated he needed an ambulance due to his injuries. The CO initiated a three-way staffing with Mr. Hill and the RRC director. During the conversation, Mr. Hill admitted that the allegations were false and that he was "just f---ing with [the CO]." Mr. Hill finally agreed to a drug test. The same CO attempted to collect the urine sample; however, prior to test, Mr. Hill made a second false accusation that the CO was going to physically assault him in the bathroom. Due to Mr. Hill's unsubstantiated allegations and bad behavior, the CO did not conduct the drug test. Mr. Hill threatened to leave and the staff encouraged him to do so. He then stated he was going to stay.<br><br>Due to his noncompliance at the facility, on March 7, 2022, Mr. Hill was evicted from the VOA. |
| 2 | **"The defendant shall refrain from any unlawful use of a controlled substance."**<br><br>On November 3, 2021, Mr. Hill tested positive for cocaine use and admitted smoking cocaine on or about October 30, 2021. |

2

    3        **"You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege."**

On November 3, 2022, Mr. Hill advised the probation officer that he was employed but he was unable to provide proof or accurately explain the details of his employment. On November 8, 2022, he was still unable to provide any proof of employment, despite asserting he was gainfully employed. Upon further discussion, Mr. Hill admitted he had been unemployed for several weeks and lied to the probation officer to conceal his unemployed status.

    4        **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."**

Mr. Hill failed to report for drug testing on August 18, 2021; September 15 and 22, 2021; and October 13 and 22, 2021. Additionally, as noted above, on March 5, 2022, Mr. Hill refused and obstructed drug testing at the RRC.

4. The parties stipulated that:

    (a)    The highest grade of violation is a Grade B violation.

    (b)    Defendant's criminal history category is IV.

    (c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 12 to 18 months' imprisonment.

5. The parties jointly recommended a sentence of twelve (12) months and one (1) day with no supervised release to follow. Defendant requested placement at FCI Terre Haute, satellite camp.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) day with no supervised release to follow. The Magistrate Judge will make a recommendation of placement

3

at FCI Terre Haute, satellite camp. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 4/28/2022

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system